JOSEPH M. WOODS, Appellant, v. ZEBINA K. PANG-
BORN and JOSEPH A. DEAR, Impleaded, Etc., Respon-
DENTS.

*Libel — different publications — measure of damages.*

Plaintiff brought an action against Pangborn and Hilton for libel, setting forth
three separate publications. While this action was pending, a second one was
commenced against Pangborn, Dunning & Dear for libel, setting forth the
same three publications and two additional ones. Judgment for $1,000 was
recovered in the first action, and the same was paid. Judgment for $4,000 was
recovered in the second action on a general verdict.

*Held,* that as the plaintiff had already been compensated for the three first
causes of action, set out in the second complaint, that he could not recover for
them again.

That the second judgment should be set aside, the three first causes of action
stricken from the complaint, and a new trial had.

Appeal from an order vacating a judgment in favor of the
plaintiff, entered upon the verdict of a jury.

This action was brought to recover damages for five publications
of an alleged libel in a newspaper in Jersey City.

The plaintiff recovered a judgment for $4,000, from which
judgment defendants appealed April 13, 1877, and a case was made
and settled. On September 19, 1878, the order appealed from was
made vacating the judgment in this action, on the ground that the
plaintiff had received satisfaction therefor by the payment of another
judgment, recovered in an action brought to recover damages for
three of the publications set out in the complaint in this action.

*Erastus Cook,* for the appellant.

*Leon Abbett,* for the respondent.

Barnard, P. J.:

The plaintiff brought an action for libel against Pangborn and
Hilton and recovered a judgment for $1,000. There were three
separate publications of libelous matter set forth in the complaint.
Pangborn was one of the editors or publishers of the newspaper
in which the libels appeared, and Hilton was averred to have pro-
cured the article to be published. The charges substantially in
each case was that plaintiff had sold coal by short weight. While

that action was pending and undetermined, the plaintiff brought an action for libel against Pangborn, Dunning and Dear, who were the owners and publishers of the newspaper in which the articles appeared. The complaint in this action set forth as causes of action two additional publications to those set forth in the action, Wood against Pangborn and Hilton.

While the action of Woods against Pangborn and Hilton was pending upon appeal, the second action of Woods against Pangborn and Dear was tried, and a verdict rendered in favor of plaintiff for $4,000. While this action was pending, the first judgment was paid by Hilton. The court at Special Term set aside the $4,000 judgment, for the reason that there could be but one satisfaction for one libel. While this principle is true, and while it is also true that all the articles in both actions substantially charged selling coal by short weight, yet a satisfaction for the three first publications did not satisfy the wrong done by the two last, although the charge was the same.

A payment for one libel does not give the right to publish the same libel again; every publication is a new offense. The order, therefore, so far as it holds the first payment to be a satisfaction in full for the second libel, is erroneous. It does not follow that the judgment should stand. The plaintiff has been compensated for three of the causes of action, which he claims to recover upon in this action. It is not just that he should be paid again for those. The jury have not assessed the damages separately, but have rendered a general verdict on all the causes of action. This judgment should be set aside, and a new trial granted.

The plaintiff should withdraw the three causes of action which were common to both actions.

Costs of Circuit and upon appeal to abide event. Pleadings, except as to the three withdrawn charges, to stand. Verdict and judgment to be held for naught. No costs on this appeal. The order appealed from should be modified accordingly.

DYKMAN, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Order modified in accordance with opinion of BARNARD, P. J.